UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GEORGE PRAGOVICH, *et al.*,      :
                                 :
    Plaintiffs,               :
                                 :
  v.                             :  Civil Action No. 05-2222 (JR)
                                 :
UNITED STATES,                   :
                                 :
    Defendant.                :

## MEMORANDUM

Pro se plaintiffs George and Claudia Pragovich allege a series of violations by the Internal Revenue Service ("IRS") in the collection of taxes. They seek damages against the United States pursuant to 26 U.S.C. § 7433.[1] The government moves to dismiss on a number of grounds, among them improper service and failure to exhaust administrative remedies. Plaintiffs have cross-moved to bifurcate "to investigate the applicability of a bias exception" to the exhaustion requirement.

Plaintiffs argue at the outset that defendant's motion must be denied, and a default entered, because defendant failed

---

[1] This case is one of more than seventy cases in which pro se plaintiffs have filed complaints in this Court pursuant to 26 U.S.C. § 7433, many of which have been dismissed for failure to exhaust administrative remedies. See, e.g., Gross v. United States, Civ. No. 05-1818, 2006 WL 2787838 (D.D.C. Sept. 26, 2006). Plaintiffs' filings in this case, while not identical to those in other cases, are virtually indistinguishable from them, and presumably incited, or aided and abetted, by templates found on the Internet.

to respond within sixty days of the service of the complaint.[2] Indeed, the record reflects that, although service was completed on March 3, 2006, defendant did not submit its motion to dismiss until May 17, 2006.  As defendant points out, however, plaintiff's service of process was defective:  plaintiff failed to serve the IRS with a summons and copy of the complaint, Fed. R. Civ. P. 4(I), and he served the summons himself, rather than via a third party, Fed. R. Civ. P. 4(c)(2).  See Lykens v. U.S. Government, Civ. No. 06-1226, 2006 WL 3408188, *4 (D.D.C. Nov. 27, 2006).  See also Erwin v. United States, Civ. No. 05-1968, 2006 WL 2660296, *5-6 (D.D.C. Sept. 15, 2006); Lindsey v. United States, 448 F.Supp.2d 37, 47 (D.D.C. 2006); Bennett v. United States, Civ. No. 05-2297, 2006 WL 3365665, *2 (D.D.C. Nov. 21, 2006).  Due to those defects, plaintiffs' motion for default will be denied.[3]

---

[2] Plaintiff's motion is ironic given that his opposition to defendant's motion to dismiss was filed on June 27, 2006 - after the expiration of the thirty-day deadline imposed by my May 19, 2006 order.  That order warned defendant that failure to respond within thirty days may result in my granting the government's motion and dismissing the case.  See Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988).

[3] Defendant, citing those defects, asserts that this court lacks personal jurisdiction and seeks dismissal pursuant to rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure. Plaintiff appears pro se, however, and is "allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings." Moore v. Agency for Int'l Dev't, 994 F.2d 874, 876 (D.C. Cir. 1993).  For this reason, and due to the relatively minor significance of the defect, I will follow those of my colleagues who have chosen to resolve similar

The Taxpayer Bill of Rights waives the sovereign immunity of the United States with respect to taxpayer suits for damages if, "in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision . . . or any regulation" of the tax code.  26 U.S.C. § 7433(a).  However, section 7433(d)(1) further provides that a "judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."

The IRS has established by regulation the procedures by which a taxpayer may pursue an administrative claim under section 7433.  See 26 C.F.R. § 301.7433-1.  The regulations require that the taxpayer write to the "Area Director, Attn: Compliance Technical Support Manager" for the area in which the taxpayer resides, id. § 301.7433-1(e)(1), and provide:

> (I) The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;

---

defense motions on alternate grounds.  See, e.g., Lykens v. U.S. Government, Civ. No. 06-1226, 2006 WL 3408188, *4, n.2 (D.D.C. Nov. 27, 2006)(Bates, J.); Lindsey v. United States, 448 F.Supp.2d 37, 47 (D.D.C. 2006)(Walton, J.); Erwin v. United States, Civ. No. 05-1698, 2006 WL 2660296, *7 (D.D.C. Sept. 15, 2006)(Kollar-Kotelly, J.).

>    (ii) The grounds, in reasonable detail, for the
>    claim (include copies of any available
>    substantiating documentation or correspondence
>    with the Internal Revenue Service);
>    (iii) A description of the injuries incurred by
>    the taxpayer filing the claim (include copies of
>    any available substantiating documentation or
>    evidence);
>    (iv) The dollar amount of the claim, including any
>    damages that have not yet been incurred but which
>    are reasonably foreseeable (include copies of any
>    available substantiating documentation or
>    evidence); and
>    (v) The signature of the taxpayer or duly
>    authorized representative.

Id. § 301.7433-1(e). The regulations provide that a § 7433 action for damages "may not be maintained unless the taxpayer has filed an administrative claim pursuant to . . . this section," 26 C.F.R. § 301.7433-1(a), and suit may not be filed until either the IRS rules on the claim or six months pass without a decision on a properly filed claim, id. § 301.7433-1(d)(i)-(ii). The only exception is for administrative submissions made during the last six months of the two-year statute-of-limitations period; a taxpayer may file suit immediately after the administrative claim is submitted in such a circumstance – but the taxpayer must have filed administratively first, id. § 301.7433-1(d)(2).

  Plaintiffs do not claim that they have exhausted their administrative remedies, as required by 26 U.S.C. § 7433(d)(1), or that they have filed an administrative claim, as required by 26 C.F.R. § 301.7433-1. Instead, they simply state that they "has/have exhausted all administrative remedies. . . ." Compl.

¶ 6.  They also move to bifurcate to investigate the applicability of a "bias exception" to the nonjurisdictional exhaustion requirement.  Plaintiff's bare allegation of exhaustion falls short of satisfying the exhaustion requirement, however, when failure to exhaust is asserted in a motion to dismiss.  Furthermore, section 7433's exhaustion requirement does not provide for a bias exception,[4] see, e.g., Lykens v. U.S. Government, Civ. No. 06-0226, 2006 WL 3408188, at *9-10 (D.D.C. Nov. 27, 2006)(Bates, J.), and, although a court may relieve a plaintiff of an exhaustion requirement when the requirement has been judicially created, it cannot do so where the exhaustion requirement has been mandated by Congress.  See Gross v. United States, Civ. No. 05-11818, 2006 WL 2787838 (D.D.C. Sept. 26, 2006)(citing Turner v. United States, 429 F. Supp. 2d 149, 152 (D.D.C. 2006)).  Because plaintiffs' failure to exhaust is uncontested and is required by the statute, their claim for damages will be dismissed for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).[5]

---

[4] Plaintiffs' addendum to their complaint, which attaches correspondence from the IRS showing past due tax balances and directing plaintiff to pay his taxes, does not indicate agency bias.

[5] The government requests dismissal pursuant to Rule 12(b)(1), rather than 12(b)(6), arguing that plaintiffs' failure to exhaust deprives this court of subject matter jurisdiction. As I have stated previously, however, section 7433's exhaustion requirement is nonjurisdictional.  See Gross v. United States, Civ. No. 05-11818, 2006 WL 2787838 (D.D.C. Sept. 26, 2006).  See

Plaintiffs' additional claims fail as well. They seek an order "enjoining the Internal Revenue Service . . . from engaging in any further collection activity. . . ." Compl. ¶ 34. The Anti-Injunction Act, however, prohibits any suit "for the purpose of restraining the assessment or collection of any tax." 26 U.S.C. § 7421. Although this prohibition is subject to two judicially-created exceptions, see Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962), this is not a case "where the aggrieved party has no alternative remedy," nor have plaintiffs shown that it is a case "where the taxpayer is certain to succeed on the merits and the collection would cause irreparable harm." Ross v. United States, 460 F.Supp.2d 139, 148 (D.D.C. 2006)(citing South Carolina v. Regan, 465 U.S. 367 (1984)(citing Enochs, 370 U.S. at 7)). See also Lindsey v. United States, 448 F.Supp.2d 37, 49-50 (D.D.C. 2006); Erwin v. United States, Civ. No. 05-1698, 2006 WL 2660296, *8-9 (D.D.C. Sept. 15, 2006).

Plaintiffs' claim for "[r]efund of all unassessed taxes, return of all seized property, return of all levied funds," Compl. ¶ 33, also fails. Section 7422 of the Internal

---

also Lindsey v. United States, 448 F.Supp.2d 37 (D.D.C. 2006)(Walton, J.)); Turner v. United States, 429 F. Supp. 2d 149 (D.D.C. 2006)(Bates, J.); Ross v. United States, 460 F.Supp.2d 139, 145 (D.D.C. 2006)(Bates, J.)(reconsidering and reaffirming the rule in Turner that section 7433's exhaustion requirement is nonjurisdictional.)

Revenue Code, which establishes district court jurisdiction over actions for refunds, states:

> <u>No suit or proceeding shall be maintained</u> in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a)(emphasis added). Because plaintiffs have not alleged that they filed an administrative claim for a refund, as required by 26 U.S.C. § 7422, their claim must be dismissed for lack of subject matter jurisdiction. See <u>Lindsey v. United States</u>, 448 F.Supp.2d 37, 52 (D.D.C. 2006)(citing <u>Commissioner of Internal Revenue v. Lundy</u>, 516 U.S. 235, 240 (1996)); <u>Ross v. United States</u>, 460 F.Supp.2d 139, 152 (D.D.C. 2006); <u>Erwin v. United States</u>, Civ. No. 05-1698, 2006 WL 2660296, at *10-11 (D.D.C. Sept. 15, 2006).[6]

---

[6] Defendant also seeks dismissal of plaintiffs' refund claim on the grounds that the proper venue is Illinois, where plaintiff resides. 28 U.S.C. 1402(a)(1). Because no court of the United States may exercise subject matter jurisdiction over this claim, Illinois is neither a more nor less appropriate forum than the District of Columbia.

For the foregoing reasons, plaintiffs' motion for default will be denied, and defendant's motion to dismiss will be granted. An appropriate order accompanies this memorandum.


                                JAMES ROBERTSON
                           United States District Judge